Jones, J.
Section 12230, General Code, requires that an appeal bond shall be made “payable to the adverse party.” The several appeal bonds in this case were not so made. The names of the obligees had not been written into the bonds.' The bonds were therefore defective, and the sole question presented here is whether the court of appeals erred in refusing to dismiss the appeal and in permitting the amendment of the appeal bonds by writing therein the names of the obligees.
Section 11363, General Code, provides that “Before or after judgment, in furtherance of justice and on such terms as it deems proper, the .court may amend any pleading process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect * * *. When an action or proceeding fails to conform to the pro *453 visions of this title, the court may permit either to be made conformable thereto, by amendment.”
This section of the code has been effective since June 1, 1853, when this state first adopted its code of civil procedure. It is merely an extension of the old English statutes of jeofails which pertain to the amendment of civil pleadings. As will be observed from its reading it extends in Ohio not only to pleading but to process and proceeding as well. That the efforts or steps taken by a party litigant in his endeavor to perfect his appeal by giving an appeal bond constitute a proceeding amendable under this section has been frequently held by this court. The syllabus in the case of Irwin v. Bank of Beliefontaine, 6 Ohio St., 81, is as follows: “Steps taken by filing an appeal bond to vacate a judgment of the court of common pleas, and to transfer the action for trial to the district court, is a proceeding in an action; and the 137th section of the code, which authorizes courts to permit an amendment of a mistake, in any respect, in any proceeding, is applicable to appeal bonds; and mistakes therein may, by consent of sureties, be amended in the appellate court, or a new bond, by way of amendment, may be filed.”
Nearly twenty years later it was decided in the case of Negley v. Jeffers, 28 Ohio St., 90, that an undertaking filed by a party demanding a second trial, and approved by the clerk of the court, was a proceeding within the meaning of Section 137 of the Civil Code (Section 11363, General Code), and in furtherance of justice might be amended. An examination of that case will disclose that the re *454 quirement of a party giving an undertaking for a second trial was substantially the same as that required by a litigant in giving an undertaking for an appeal.
The same principle was followed in the case of Johnson v. Johnson, Exr., 16 Ohio St., 131, which held that a defective appeal undertaking was amendable under Section 11363, General Code, quoting the case of Irwin v. Bank, supra, to the effect that steps taken in filing an appeal bond constitute a proceeding in an action. If the steps taken by a litigant to file an appeal bond in a chancery case constitute a proceeding, to what extent may this proceeding be amended? Section 11363, General Code, is broad and comprehensive. It permits amendments to be made before and after judgment in furtherance of justice. The appellate court may amend a proceeding by adding or striking out the name óf a party, or by correcting a mistake in the name of a party, or a “mistake in other respects ” This section is a part of the remedial chapter governing our code of civil procedure, and Section 10214, General Code, requires that this, and other sections of our remedial code, “shall be liberally construed, in order to promote its object, and assist the'parties in obtaining justice.” In the case of Irwin v. Bank, supra, Judge Swan, in commenting upon the general section relating to amendments, stated at page 89: “The code authorizes an amendment when a mistake goes to the substance of the pleadings or proceedings. It further authorizes an amendment of a mistake in any respect. Broader and more efficient language could *455 hardly have been used to vest this power. The only limit seems to be to cases where an amendment would not be in furtherance of justice.”
In this case the several bonds have indicia showing that steps had been undertaken in good faith to perfect an appeal of a case decided in the common pleas court. On the back of the bonds the style of the case and its number had been written. The bonds appear to have been in the usual printed form with blanks provided for writing in the names of the obligees and obligors. Furthermore, these bonds had a surety, and were approved by the clerk of the court. It is claimed, because the names of the obligeés had not been written in the blank spaces provided for that purpose, that there was here no such bond as would permit of amendment by the appellate court. It is commonly known that bonds of this character are usually provided in printed form, and their preparation often left to the clerk or to counsel in the case. The litigant himself ordinarily has nothing to do with the technical preparation of the bond. In this case there is nothing in the record to show that the appellants had done anything that would deny them “furtherance of justice.” If a litigant has intended to and in good faith taken steps to file an appeal bond with the clerk of the court, who approves the same, and a mistake has been made therein in any respect, whether in form or substance, Section 11363, General Code, authorizes the appellate court to permit its amendment if it be in furtherance of justice to the parties in the case.
*456 Section 12232, General Code, is as follows: “When a surety in an appeal bond has removed from the state, or is not sufficient, or in form or amount the bond is insufficient, on motion the court of appeals may order its change or renewal or that a new one be given, with security to be approved by the court or its clerk. If such order be complied with, the cause shall be heard and determined as though it had not been made; but otherwise the appeal must be dismissed.”
This section is not inconsistent with Section 11363, General Code. One is a complement of the other. The latter section guards the interests of the appellant, the former the interests of the ap-pellee. The latter permits the appellant to have his bond amended by having its mistakes corrected in any respect, while the former permits an obligee to see that his bond is, secure if it be not sufficient in form or amount, or if the surety has removed from the state. Under these two sections of our remedial code the rights of both parties to the litigation are safeguarded, and it would seem that if the appellee under the former section could say to the court “my bond is insufficient, because the names of the ob-ligees are omitted,” or “the surety has removed from the state,” or “the surety is worthless,” or ‘‘there is a failure to supply a surety,” that if the appellee may secure the dismissal of the appeal for any of these reasons, the obligor should have opportunity to amend the bond where such action would do no injustice to any of the parties. In other states courts have exercised great latitude in permitting appeal bonds to be amended. So nu *457 merous are the reported cases sustaining the principle involved here that it would only extend this opinion if we should cite and comment upon them.
In refusing to dismiss the appeal and permit the appeal bonds to be amended the court of appeals did not err and the case is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Matthias, JJ., concur.